**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kristin Much, <br><br> Plaintiff, <br><br> v. <br><br> Capital One Bank (USA) N.A.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Kristin Much, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq. (the "TCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kristin Much ("Plaintiff"), is an adult individual residing in Linwood, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39).

5. The Defendant, Capital One Bank (USA) N.A.("Capital One"), is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102-3491, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Capital One and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Capital One at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Capital One started calling Plaintiff's cellular telephone, number 267-xxx-3248, in an attempt to reach a person other than Plaintiff.

9. At all times mentioned herein, Capital One contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered the calls from Capital One, she heard a prerecorded message requesting a call back.

11. Plaintiff does not have an account with Capital One.

12. Plaintiff never provided her cellular telephone number to Capital One and never provided her consent to Capital One to be contacted on her cellular telephone.

13. On or around July 17, 2019, Plaintiff spoke with Capital One in an effort to get the calls to stop. Plaintiff informed Capital One that she was being reached in error and directed Capital One to remove her numbers from the account, and cease all communications with her.

14. Nonetheless, Capital One continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17. Plaintiff never provided her cellular telephone number to Defendants and never provided her consent to be contacted on her cellular telephone.

18. Without prior express consent, Defendants contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

19. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

23. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

27. The Defendants are each individually a "creditor" as defined in 73 P.S. § 2270.3.

28. The Defendants engaged in any conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt, in violation of Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(b)(4).

29. The Defendants caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass Plaintiff at the called number, in violation of Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(b)(4)(v).

30. The Defendants used unfair or unconscionable means to collect or attempt to collect any debt, in violation of Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(b)(6).

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants' violations of the violation Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 P.S. § 2270.5(a).

34. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

35. As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Statutory damages pursuant to 73 P.S. § 2270.5(c);
3. Costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 2270.5(c) against the Defendant;
4. Actual damages pursuant to 73 P.S. § 201-9.2(a);
5. Statutory damages pursuant to 73 P.S. § 201-9.2(a);
6. Treble damages pursuant to 73 P.S. § 201-9.2(a);
7. Such other and further relief as this Court deems just.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 11, 2019

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
Bar No.: 317359
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff